FRANK GRUMMISCH, PROSECUTOR, v. BARNEY CON-
STRUCTION CO., DEFENDANT.

Argued October 2, 1946—Decided November 7, 1946.

Before CASE, CHIEF JUSTICE, and Justices HEHER and
COLIE.

For the prosecutor, *Elsie L. White* and *Louis Steisel*.

For the defendant, *Clarence B. Tippett*.

PER CURIAM.

This is a workman's compensation case. The workman
suffered a disability from a heart condition alleged by him
to have been caused by an accident which occurred on Decem-
ber 23d, 1942, and which arose out of and in the course of
his employment. The Workmen's Compensation Bureau de-
termined that the disability was not the result of accident
but was merely a stage in the natural progress of disease.
The Bergen County Court of Common Pleas affirmed on
appeal, finding that the workman had not sustained the bur-
den of proving that the disability arose out of and in the
course of his employment.

The main dispute is one of fact; and our appellate courts
do not lightly disturb the result reached by two independent
fact-finding tribunals. *Mountain Ice Co.* v. *Durkin,* 6 *N. J.
Mis. R.* 1111; *affirmed,* 105 *N. J. L.* 636; *Berlinger* v. *Medal
Silk Co.,* 113 *Id.* 476.

On December 23d, 1942, the workman fell, striking his head
and back. He was taken to a physician. The man had a
lump on his head and complained of tenderness on the right

side of his chest with pain therefrom on breathing deeply. He was treated by that physician at the latter's office on fourteen visits from December 23d, 1942, to January 15th, 1943, inclusive, the treatments consisting of strapping the chest and of infra red light exposures. He did not complain to the physician of, and the physician did not detect, a heart condition. On or about February 15th he met with a further accident whereby his leg was injured. He did not report that injury to his employer but was treated for it by his family physician, beginning about February 20th. Claimant, together with associated workmen, was laid off from his work about March 17th because of the completion of the job on which he was employed. There had been no loss of time. The last mentioned physician, a general practitioner, testified that the latter part of March, 1943, while he was treating the leg injury, he first discovered a faulty heart condition and concluded that the claimant was suffering from advanced myocarditis and arteriosclerosis of a progressive type, due, in his opinion, to the accident of December 23d, 1942, as the direct and competent producing cause. Another physician, a pathologist, testified on behalf of claimant that he examined the latter in 1944 and formed the opinion that the accident of December 23d, 1942, was the direct and proximate cause of the claimant's ailment which was said by the witness to be a coronary occlusion with infarction of the heart embracing a permanent weakening of the heart muscle. On the other hand, there is persuasive medical testimony that there was no causal relation between the accident and the heart condition; that the claimant had suffered from hypertension for many years with a resultant hypertensive cardiovascular disease, which developed, by mere progression, some time after the accident, into sclerosis and heart failure; that there was no evidence of cardiac muscle damage such as infarction or coronary occlusion and that if the injury of December 23d had damaged the heart the results would have been speedily manifested in more unmistakable manner and would have presented a quite different case history. The two lower tribunals were not convinced by the claimant's proofs, and, on our study of the record, we are unable to say that their con-

clusions, based on the same proofs as are laid before us, with the added advantage to the deputy commissioner of having seen and heard the witnesses, were wrong.

The writ of *certiorari* will be dismissed and the judgment below affirmed, with costs.